# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 553 | **DATE** | 3/1/2012 |
| **CASE TITLE** | Tykee Sole (K-63601) vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

Within 30 days of the date of this order, Petitioner must demonstrate that why his petition should not be dismissed as untimely. If Petitioner files no pleading in response to this order, the court will dismiss this case without prejudice. Status hearing set for May 10, 2012 at 8:30 a.m.

■[ For further details see text below.]          Docketing to mail notices.

## STATEMENT

Petitioner Tykee Sole, a Dixon Correctional Center inmate, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and has paid the $5.00 filing fee. Petitioner challenges his 2005 conviction for aggravated battery. (Cook County Circuit Court No. 3 CR 1901). But a review of the petition reveals that it may be untimely.

     A one-year statute of limitations applies to the filing of a federal petition for habeas corpus relief. The limitations period starts on one of three dates; the one applicable here is the date the conviction became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C.§ 2244(d)(1)(A). In this case, Petitioner states that he was convicted in May 2005, that his conviction was affirmed on appeal, and that his petition for leave to appeal (PLA) was denied by the Illinois Supreme Court on November 29, 2007. He further states that he did not seek a petition for certiorari from the United States Supreme Court (he had 90 days to do so). Petitioner's conviction thus became final at the end of February 2008. *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (citing *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (for purposes of § 2244(d)(1)(A), a conviction becomes final when the 90-day time period expires for filing a certiorari petition in the Supreme Court). The one-year limitations time began running at that time.

     Petitioner's state post-conviction petition, assuming that it was properly filed, tolled the limitations period during its pendency. *See* § 2244(d)(2). However, tolling during the state post-conviction petition's pendency would still not render the § 2254 petition timely. Petitioner filed his state post-conviction petition on September 7, 2008, approximately six months after the federal limitations period began. His post-conviction petition was no longer pending as of January 26, 2011, when the Illinois Supreme Court denied his PLA. And unlike direct review from the criminal conviction, Petitioner does *not* get the benefit of another 90 days of tolling for a potential, but unfiled, certiorari petition to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007) (a petition for certiorari to the United States Supreme Court from the denial of post-conviction relief does *not* toll the § 2244(d) limitations period). Petitioner's petition for habeas

| STATEMENT |
|---|
| corpus relief under § 2254 thus became due, at the latest, sometime in June 2011; however, it was filed in January 2012.<br><br> Because it appears from the face of the petition that it is time-barred, the Court may raise this issue on its own. *Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006) (court may raise the affirmative defense of time-bar *sua sponte* so long as the petitioner is given an opportunity to respond). Petitioner has 30 days from the date of this order to show cause why his habeas petition should not be dismissed as untimely. To proceed with this case, Petitioner must submit a pleading that demonstrates that his § 2254 petition is timely. Petitioner's failure to comply with this directive within 30 days will result in dismissal of this case. |