Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 553 | **DATE** | May 11, 2012 |
| **CASE TITLE** | Tykee Sole (K-63601) vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

As explained below, Petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is dismissed as untimely under 28 U.S.C. § 2244(d). *See* Rule 4 of the Rules Governing Section 2254 Cases. The Court further denies a certificate of appealability. *See* 28 U.S.C. § 2253(c). If Petitioner seeks to appeal this decision, he must seek a certificate of appealability from the U.S. Court of Appeals for the Seventh Circuit.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Tykee Sole, a Dixon Correctional Center inmate, has responded to this Court's order directing him to show cause why his petition for habeas corpus should not be dismissed as time-barred. The petition's own allegations raised the question of untimeliness. Petitioner's response confirms, in effect, that the petition is time-barred.

Petition filed his habeas petition in this court in January 2012. The judgment of his state-court conviction was entered in May 2005. The state appellate court affirmed, and the Illinois Supreme Court denied his petition for leave to appeal on November 29, 2007. Petitioner did not file a *certiorari* petition with the U.S. Supreme Court. Accordingly, the date that Petitioner's conviction became final on direct review is February 27, 2008, which is 90 days after the Illinois Supreme Court denied his petition for leave to appeal. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (*per curiam*) (for purposes of § 2244(d)(1)(A), a conviction becomes final when the time expires for filing a petition for *certiorari* in the Supreme Court, which is 90 days); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

Petitioner filed his state post-conviction petition on September 7, 2008, 6 months and 9 days from the date his conviction became final by direct review. It is unclear whether his state post-conviction petition was timely under state law. *See Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005) (the rejection by a state court of a post-conviction petition as untimely and refusal to consider the merits of a late petition renders the post-conviction petition not "properly filed" and does not toll the federal one-year limitations period). But no matter: even assuming that the state post-conviction petition tolled the limitations period, *see* 28 U.S.C. § 2244(d)(2), the federal habeas petition is still untimely because he waited too long to file after the state system was done with the post-conviction petition. Specifically, once the state post-conviction petition was no longer pending (January 26, 2011, when the Illinois Supreme Court denied petition for leave to appeal), Petitioner would have had a little less than 6 months to file his federal habeas petition. (Unlike during direct review, tolling does not apply during state collateral review for the 90-day *certiorari*-petition filing period. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007)).

Instead of filing before the expiration of what remained on the 1-year clock, Petitioner instead waited until mid-January 2012, almost 1 year after the January 26, 2011 conclusion of state collateral review. Petitioner explains in his response to the show-cause order that he was unaware that he did not have a full year from the state supreme

| STATEMENT |
|---|

court's denial of leave to appeal. (R. 7, Pet.'s Resp. at 1.) He admits that "had he been armed with this knowledge[, he] would have filed immediately []after the Jan. 26, 2011, decision by the Illinois Supreme Court." (*Id.*) He contends that he is a "neophyte" to legal procedures. (*Id.*) Unfortunately, however, run of the mill claims of ignorance of the law do not warrant tolling. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("reasonable mistakes of law are not a basis for equitable tolling"); *U.S. ex rel. Rivera v. Trujillo*, 2011 WL 1811578 at *4 (N.D. Ill. May 12, 2011) ("unfamiliarity with the applicable legal rules and status as an inmate are not, by themselves, enough to constitute an 'extraordinary circumstance'" warranting equitable tolling); *U.S. ex rel. Laughlin v. Gaetz*, 2011 WL 336143, at *4 (N.D. Ill. Jan. 31, 2011) ("ignorance of the law or of the limitations period" is insufficient to establish equitable tolling).

Petitioner explains that he was waiting for a state court opinion before filing his state post-conviction petition and states that he was diligent in filing his state post-conviction petition, R. 7, Pet.'s Resp. at 2. But that wait is not a valid basis for tolling (either tolling under the governing statute or equitable tolling) the 1-year limitations period. Although Petitioner's lack of understanding as to how to calculate the limitations period was unfortunate, such a misunderstanding does not provide grounds to toll the period. (And Petitioner did have more than 5 months to file the federal habeas petition after the denial of leave-to-appeal on state collateral review, yet did not.) Accordingly, the instant petition is dismissed as untimely.

The Court also concludes that no reasonable jurist would debate the correctness of the dismissal of this case as untimely. *See* Rule 11, Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The timing and tolling rules are clear, at least as applied to the facts of this case. Thus, the Court will not issue a certificate of appealability.